IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES D. COLLIER, #K6825**                                             **PLAINTIFF**

**v.**                                              **CAUSE NO. 1:17-cv-223-LG-RHW**

**MDOC RECORDS DEPARTMENT, et al.**                              **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

I.   Background

Pro Se Plaintiff James D. Collier brings this conditions of confinement Complaint pursuant to 42 U.S.C. § 1983. At the time of filing this action, Collier was incarcerated at the South Mississippi Correctional Facility, Leakesville, Mississippi. Compl. [1] at 1-2. Collier is proceeding *in forma pauperis*. *See* Order [7].

On August 11, 2017, the Clerk issued a Notice of Assignment [Ex. 1-2] advising Collier that he was required to notify the Court in writing if his address changed and it also warned Collier that his failure to advise the Court of a change of address or his failure to timely comply with any order of the Court would be deemed a purposeful delay and contumacious act that may result in the dismissal of this case.

On February 12, 2018, the Court entered an Order [8] directing Collier to file a written response to provide specific information concerning his claims. The Order [8] directed Collier to file his response on or before March 6, 2018. The Order [8] also warned Collier that failure to timely comply or failure to keep the Court informed of his current address will lead to the dismissal of this case. The Order was mailed to Collier at the South Mississippi Correctional Facility, which is the address Collier provided in his Complaint. Compl. [1] at 1-2. The envelope [9] containing the Order [8] was returned by the postal service with a stamped notation "Returned to Sender – No Longer at this Institution – No Forwarding Address on File." Ret. Mail [9].

On March 21, 2018, the Court entered an Order [10] to Show Cause directing Collier to file a written response explaining why this civil action should not be dismissed and to provide additional information concerning his claims as directed in the Order [8] entered February 12, 2018. That Order [10] directed Collier to file his response on or before April 11, 2018. The Order [10] also warned Collier that failure to timely comply or failure to keep the Court informed of his current address may result in the dismissal of this case. The Order was mailed to Collier at the South Mississippi Correctional Facility, which is the address Collier provided in his Complaint. Compl. [1] at 1-2. On March 28, 2018, the envelope [11] containing this Order [10] was returned by the postal service with the label "Return to Sender

2

– Not Deliverable as Addressed – Unable to Forward." Ret. Mail [11]. Collier failed to comply with this Order or otherwise contact the Court.

On April 26, 2018, the Court entered a Second and Final Show Cause Order [12] directing Collier to show cause, on or before May 18, 2018, why this case should not be dismissed for his failure to comply with the Court's previous Orders [8, 10]. The Show Cause Order [12] warned Collier that failure to timely comply or failure to advise the Court of a change of address would result in the dismissal of this case without further written notice. The Show Cause Order was also mailed to Collier at the South Mississippi Correctional Facility. On May 4, 2018, the envelope [13] containing the Second and Final Show Cause Order [12] was returned by the postal service with the label "Return to Sender – Refused – Unable to Forward." Ret. Mail [13]. Collier failed to comply with the Second and Final Show Cause Order or otherwise contact the Court.

II. Analysis

This Court has the authority to dismiss an action sua sponte for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and

3

expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Collier has failed to keep this Court advised of his current address and he has failed to comply with three Court Orders [8, 10, 12]. Collier has not contacted the Court since August 25, 2017. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action is proper for Collier's failure to prosecute and for failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure. *See Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Collier's pleading, and the Court has not considered the merits of Collier's claims, the Court's Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

III. Conclusion

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders

and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE